IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HANNA TERESHKOVA | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 19-947 |
| v. | : | |
| | : | |
| UNIQUE AID, *et al.*, | : | |
| *Defendants* | : | |

## MEMORANDUM

QUIÑONES ALEJANDRO, J.                                                    MARCH 18, 2019

*Pro se* Plaintiff Hanna Tereshkova filed this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against Unique Aid, Andrew Chayka, and Julia Chayka. (ECF No. 2.) She has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion for Appointment of Attorney (ECF No. 3). For the following reasons, the Court will grant Tereshkova leave to proceed *in forma pauperis*, dismiss her Complaint with leave to amend, and deny her Motion for Appointment of Attorney at this time.

## I. FACTS

Tereshkova used this Court's form complaint for filing an employment discrimination suit to initiate this action. As noted above, she asserts that she is pursuing claims pursuant to Title VII. (Compl. at 4.)[1] By checking the appropriate locations on the form, Tereshkova states that the Defendants discriminated against her by terminating her employment and retaliating against her. (*Id.* at 5-6.) She alleges that the Defendants discriminated against her based on her gender/sex because she was "pregnant at time of employment." (*Id.* at 6.)

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

For the facts of her case, Tereshkova states that she was unlawfully accused "of recordings on work premises" even though "no recording or evidence of recordings were found." (*Id.*) She was "terminated due to accusation." (*Id.*) Tereshkova indicates that she received a Right to Sue Letter from the EEOC on December 10, 2018. (*Id.* at 7; *see id.* at 9.) As relief, she asks that the Court grant her "appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees." (*Id.* at 8.) She also asks for "extension on filing." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Tereshkova leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Tereshkova is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Federal law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 623; 42 U.S.C. § 12112). The Pregnancy Discrimination Act, a 1978 amendment to Title VII, states that:

> [t]he terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected by similar in their ability or inability to work . . . .

42 U.S.C. § 2000e(k). In general, to establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). Although a plaintiff need not establish a *prima facie* case to survive dismissal for failure to state a claim, she still must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotations omitted).

As an initial matter, Tereshkova has named Andrew and Julia Chayka as Defendants in this matter. Attachments to Tereshkova's Complaint suggests that the Chaykas are the owners of Unique Aid. The United States Court of Appeals for the Third Circuit has held, however, that there is no individual liability under Title VII. *See Muhammad v. Sillis Cummis & Gross P.C.*, 621 F. App'x 96, 98 (3d Cir. 2015); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061,

1077-78 (3d Cir. 1996). Accordingly, Tereshkova cannot maintain her Title VII claims against the Chaykas.[2]

Moreover, Tereshkova has not alleged any facts supporting her conclusory allegations that Unique Aid discriminated against her. While Tereshkova has indicated that she was discriminated against based on her gender/sex (by way of her pregnancy), she has not explained how she was discriminated against because of those characteristics. Because the Complaint does not contain anything more than conclusory allegations of discrimination, Tereshkova has failed to state claims against Unique Aid pursuant to Title VII at this time. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss.").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Tereshkova leave to proceed *in forma pauperis* and dismiss her Complaint. This dismissal will be without prejudice to Tereshkova's right to file an amended complaint in the event she can cure the defects noted above. Tereshkova's Motion for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is

---

[2] The Court recognizes that section 955(e) of the Pennsylvania Human Relations Act ("PHRA") forbids "any person, employer, employment agency, labor organization or employe[e], to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . . ." 43 Pa. Cons. Stat. § 955(e). Therefore, "individual supervisory employee[s] can be held liable under an aiding and abetting accomplice liability theory . . . for [their] own direct act[s] of discrimination or for [their] failure to take action to prevent further discrimination by an employee under supervision." *Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C.*, 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998). Here, however, Tereshkova has not indicated that she is raising claims under the PHRA. Even if the Court were to liberally construe her Complaint as raising claims under the PHRA, the Court cannot discern on what basis Tereshkova seeks to hold the Chaykas liable.

appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.